**UNITED STATES of America,** Appellee,

v.

**Cleofas Contreras VAZQUEZ, Juan Nicholas Ordenes, Jose Ernesto Garcia, Defendants–Appellants.***

Nos. 05–5219–cr(L), 05–5525–cr(CON), 05–5622–cr(CON).

United States Court of Appeals, Second Circuit.

April 18, 2007.

* The Clerk of Court is directed to correct the official caption to reflect the correct spelling of defendants-appellants' names.

Dayna Ferebee, New York, NY, for Defendant–Appellant Cleofas Contreras Vazquez.

John M. Rodriguez, New York, NY, for Defendant–Appellant Jose Ernesto Garcia.

Marc P. Berger, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief, Joshua Klein, John M. Hillenbrecht, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendants Cleofas Contreras Vazquez and Jose Ernesto Garcia appeal their convictions, after a jury trial, for conspiring to distribute and to possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. § 846.

Turning first to the issues raised in Vazquez's appeal, we conclude that the evidence presented at trial was sufficient to support the jury's guilty verdict. "[A] defendant making an insufficiency claim bears a very heavy burden." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir.2002). Vazquez cannot meet that burden here because the evidence presented at trial showed the existence of a large-scale narcotics conspiracy, and—through wiretap and live testimony—Vazquez's active and knowing involvement in that conspiracy. The District's Court's denial of Vazquez's motion for a new trial under Fed.R.Crim.P. 33 also was appropriate for this reason. We conclude further that the District Court did not abuse its discretion in admitting Government Exhibit 74 pursuant to Fed.R.Evid. 404(b). *See United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir.1996) (admission of Rule 404(b) evidence reviewed for "clear abuse of discretion"). The tape-recorded conversation, in which Vazquez appeared to be actively involved in an illegal marijuana distribution conspiracy, was admissible to rebut Vazquez's argument that he lacked the knowledge and intent necessary for him to be convicted for his involvement in the charged conspiracy. Accordingly, the District Court did not err in admitting the evidence. Finally, we conclude that Government Exhibit 75 was properly admitted into evidence at trial.

Turning to the issues raised in Garcia's appeal, we conclude that the District Court did not err in denying Garcia's Rule 33 motion for a new trial because Garcia has failed to explain how the alleged suppression of impeachment material prejudiced him in any way: the cooperating witness's intoxication and drug addiction were made known to defendants, and defendants made extensive use of this information during cross-examination of the witness. We also determine, substantially for the reasons stated by the District Court, *see United States v. Garcia*, No. 04 Cr. 603(HB), 2005 WL 589627, at *6–*7 (S.D.N.Y. Mar. 14, 2005), that the Government satisfied the probable cause and necessity requirements of the wiretap statute. Finally, we conclude that the District Court did not abuse its discretion in deciding to give an *Allen* charge, and that the District Court's brief statement at the conclusion of the charge did not coerce the jury into reaching a verdict.

We have considered all of defendants' arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.